IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EDDY JAMES HOWARD, §<br>   #01859038, §<br>            PETITIONER, §<br> §<br>V. §<br> §<br>DIRECTOR, TDCJ-CID, §<br>            RESPONDENT. § | CIVIL CASE NO. 3:21-CV-2311-S-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Petitioner Eddy James Howard's motion to proceed *in forma pauperis* but did not issue process. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND**

On September 28, 2021, Howard, a state prisoner, filed a petition for writ of mandamus against the Johnson County District Court and the Director for the Texas Department of Criminal Justice ("TDCJ"). Doc. 3 at 1, 8. In 2013, Howard was convicted of two counts of aggravated assault with a deadly weapon and sentenced to 45 years' imprisonment on each account. *Howard v. State*, No. F47059 (413th Dist. Ct., Johnson Cnty., Tex., June 6, 2013), *aff'd*, No. 10-13-00240-CR, 2014 WL 1882761 (Tex. App.—Waco May 8, 2014, no pet.). Later, he unsuccessfully sought state and federal habeas relief. *Howard v. Davis*, No. 3:18-CV-2629-L-

BK, 2019 WL 2290252 (N.D. Tex. Apr. 4, 2019), *Report and Recommendation accepted*, 2019 WL 2287712 (N.D. Tex. May 29, 2019) (summarizing state procedural history and dismissing federal habeas petition as time barred).

In the petition *sub judice*, Howard complains that the Johnson County District Court Clerk failed to (1) advise him that the Texas Court of Criminal Appeals had returned his January 2017 *Constitutional Writ of Habeas Corpus*, and (2) respond to his subsequent correspondence and requests—a May 18, 2017 letter "seeking process due," a June 16, 2017 *TRUTH AFFIDAVIT with MOTION TO DISMISS WITH EXTREME PREJUDICE*, and an August 29, 2017 *Notice of Fault and Opportunity to Cure and contest Acceptance*.  Doc. 3 at 4-5.  Howard contends "Respondents are in legal default upon the matter" and failed to perform a ministerial function and, therefore, he is entitled to relief through a writ of mandamus.  Doc. 3 at 5-6. Specifically, Howard requests an order directing the state court to provide the TDCJ Director "full disclosure of the jurisdiction/contract/TRUE BILL and/or any aforementioned affidavits" regarding his convictions in Criminal Cause No. F47059.  Doc. 3 at 8.

Upon review, Howard's petition for writ of mandamus lacks any legal basis and, thus, should be dismissed.

## II.     ANALYSIS

Because Howard is proceeding *in forma pauperis*, his petition for writ of mandamus is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[1]  Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or

---

[1] The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a mandamus petition stemming from a state criminal proceeding such as the one in this case.  *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding that petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of section 1915(b)).

malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Howard's petition for writ of mandamus is frivolous and fails to state a claim.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Here, Howard's petition for writ of mandamus can be construed only to seek mandamus relief against the judges and clerk of the Johnson County District Court; to-wit, compelling them to respond to his writs and requests. Accordingly, Howard's request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

### III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined here, Howard's claim is fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, Howard's petition for writ of mandamus should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on October 28, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).